MARGARET A. HARTLEY and EDMUND H. MARVIN, Plaintiffs, *v.*
WALTER GARNHAM, Defendant.

Supreme Court, Monroe Equity Term, November, 1922.

**Landlord and tenant — farm lease — construction of agreement for the leasing of land on shares — when tenant not entitled to harvest wheat after termination of his lease.**

Where the provisions of a lease for renewal are uncertain they will be construed in favor of the tenant.

By a farm lease for the year ending April 1, 1919, it was agreed that upon performance of the tenants' covenants to the satisfaction of the landlord the lease should be extended for three years from its date, and it was further agreed that the lease should end upon the first day of April immediately following a sale of the premises, provided that the tenants, personally or by mail, were given at least three months' notice in writing before said April first and thereupon they agreed to vacate the premises. The tenants continued in possession of the farm for the year succeeding its purchase in February, 1919, by defendant who took the title with full notice of the lease and its terms. In an action by the tenant for an accounting under the lease, *held*, that in the absence of proof of a new or other hiring, the term was extended according to the lease and that the possession of the plaintiffs continued thereunder.

In December, 1919, the plaintiffs after service upon them of the notice provided for by the lease in case of the sale of the premises moved off the farm. Thereafter and in harvest time of the year 1920, the defendant, upon a claim under a clause of the lease, meant only to apply to the wheat in excess of the amount which the cropper was bound to leave on the farm in place of that which he found there when he came, forbade plaintiffs to go upon the farm to cut ten acres of wheat which they had sown the year before. It appeared in evidence that when plaintiffs took possession of the farm there were ten acres of wheat thereon which they harvested, threshed and had the tenant's avails thereof as if they had put it in. *Held*, that the wheat in whole belonged to defendant.

The plaintiffs, however, are entitled to recover fifteen dollars for ensilage, what they paid for sawdust and ten dollars difference in their favor arising on the division of the cattle; the calf dispute decided in favor of defendant and the other remaining claims of both parties disallowed.

ACTION for accounting under lease to work farm on shares.

*Clyde W. Knapp*, for plaintiffs.

*Chamberlain, Page & Chamberlain*, for defendant.

THOMPSON, J. That we may determine the ownership of a wheat crop put in by plaintiffs on lands afterwards, but before harvest, acquired by defendant, the meaning of a lease, made upon a law blank with the usual erasures and additions, must be found.

This printed form, so often the hope and despair of landlords and tenants, was evidently devised to furnish suggestion and phrase for every thing possible to be contemplated in the letting of a farm

.Supreme Court, November, 1922.　　　　[Vol. 119

on shares. I take it that it was not designed to be a consistent, connected whole, but rather to afford coherent expression for every conceivable pact between the owner of a farm and his tenant. So that in construing the document here under examination I think it should be taken into account that it was formulated by a process of elimination and adjection.

Plaintiffs leased the farm in question from defendant's grantor. The term of their occupancy was stated in the lease as follows:

" For and during the term of one year from the first day of April, 1918, which term will end the first day of April, 1919, and it is agreed that if the covenants herein contained are performed to the satisfaction of the said party of the first part by the party of the second part this lease shall be extended to three years from the date hereof, viz: April first, 1921.

" If the premises are sold during the term, this lease shall end upon the first day of April immediately following such sale, provided party of the second part is given at least three months notice before such first day of April of such sale in writing, personally or by mail; and thereupon said first day of April the said party of the second part agrees to vacate the premises ＊ ＊ ＊."

And they were in possession under the lease when in February, 1919, their landlord sold the farm to the defendant, with full notice to him of the lease and of its every covenant; the rights of plaintiffs thereunder, and the nature of their occupancy. *Neal* v. *Jefferson,* 41 L. R. A. (N. S.) 387, and note.

In construing the provisions of a lease for renewal, in case of uncertainty, the tenant must be favored. 16 R. C. L. 884.

Plaintiffs had previously spoken to their landlord with reference to the extension of the lease, and had been assured that its continuance was satisfactory to her. A new lease was unnecessary, nor was a writing of any sort essential. A distinction is made between a covenant in a lease for a *renewal*, and a provision therein for an *extension* of the term at the option of the lessee, the courts treating the latter, upon the exercise of the privilege, as a present demise for the full term to which it may be extended, and not as a demise for the shorter period with a privilege for a new lease for the extended term. 16 R. C. L. 885; 24 Cyc. 1008.

And there is authority for the assertion that a provision for a " renewal " is not so distinguished from a provision for an " extension " as to require the execution of a new lease. *Orr* v. *Doubleday, Page & Co.,* 172 App. Div. 96.

In this case the right to an extension was made dependent upon the lessee's performing the covenants of the lease undertaken on his part, and there is testimony in support of the claim that they

worked the farm to the entire satisfaction of their landlord, and that she recognized and granted their right to the extension. But this condition may be waived and foregone. 16 R. C. L. 392.

The plaintiffs continued in possession of the farm for a year succeeding its purchase by defendant. And in the absence of testimony of a new or other hiring it must be held that the term was extended according to the lease, and that their possession continued under the lease. 1 McAdam Landl. & Ten. 578.

In December of this same year the defendant served the three months' notice provided for by the lease, in case of sale, and plaintiffs moved off the farm.

Thereafter and in harvest time of that year defendant forbade plaintiffs to go on the farm to cut ten acres of wheat which they had sown the year before, claiming they had no property therein under the following clause from the lease: " The winter wheat on the farm when the term begins, party of the second part shall harvest, divide and market under this contract, and in consideration thereof he agrees to leave on the farm, when he quits the premises, at least ten acres of winter wheat, well put in with 200 pounds of phosphate to each acre, and the party of the second part shall have no interest or share in said winter wheat so left by him on the farm at the end of his term, but the same shall be the property of the party of the first part, the kind and quality of said fertilizer to be determined by the party of the first part, said party of the second part to pay for one-half thereof."

It appears that there was ten acres of wheat on the farm when plaintiffs took possession; and that they harvested and threshed the same and had the tenant avails thereof as if they had put it in.

Plaintiffs claim they owned a one-half interest in the wheat here in suit by virtue of the following provision of the lease relating to a sale, and the termination of the lease before the end of the term: " and if there is winter wheat then on the premises party of the first part may, within thirty days after said first day of April, pay party of the second part for his share thereof; if it is not so paid for, this contract as to said winter wheat shall continue until it is marketed," and that the defendant, having harvested and marketed the whole crop, should account to them for the proceeds of their share.

In my view the wheat belonged in whole to the defendant. As I read this lease, the provision last above quoted is meant only to apply to the wheat in *excess* of the amount which the cropper was bound to leave on the farm in place of that which he found there when he came, if any such there should be.

Plaintiffs must recover fifteen dollars for the ensilage. The calf

dispute must be decided in favor of defendant. Plaintiffs must also be allowed what they paid for the sawdust; and the ten dollars difference in their favor arising on the division of the cattle. The tax item is admitted to be defendant's due. Other remaining claims of both parties are dissallowed.

Costs to defendant. Submit findings. So ordered.

Judgment accordingly.